BUCHALTER
A Professional Corporation
WILLMORE F. HOLBROW III (State Bar No. 169688)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com

Attorneys for Plaintiff
SPIRIT CLOTHING COMPANY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SPIRIT CLOTHING COMPANY, a California corporation,<br><br>Plaintiff,<br>vs.<br><br>KITH RETAIL, LLC., a New York limited liability company,<br><br>Defendant. | Case No. 2:22-cv-03712<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br>**[DEMAND FOR JURY TRIAL]** |

## JURISDICTION, VENUE AND PARTIES

1. This is an action for preliminary and permanent injunctive relief and for damages arising from Defendant, KITH RETAIL, LLC, a New York limited liability company (hereinafter "Defendant") of 15 U.S.C. §§1114 and 1125(a), for trademark infringement, passing off, and unfair competition under the common law and the laws of the State of California, and for relief in equity.

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1338(a), 1338(b), and 15 U.S.C. §1121.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

CASE NO.: 2:22-CV-03712

3.  Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business at 2211 East 37th Street, Los Angeles, California 90058.

4.  Plaintiff is informed and believes that at all times material hereto, Defendant, Kith Retail, LLC., is a limited liability company formed and existing under the laws of New York with its principal place of business located at 625 Broadway, 4th Floor, New York City, New York 10012.

5.  This Court has general personal jurisdiction over Defendant, as Defendant does business in this judicial district, Defendant's conduct directly effects Plaintiff which resides in this judicial district, Defendant's direct marketing and advertising in California, and this Court has long arm jurisdiction over Defendant pursuant to California Civil Procedure §410.10 et seq.

6.  Venue is proper in this district under 28 U.S.C. §1391(a), in that the Defendant is subject to personal jurisdiction in this District and under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claims occurred in this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

7.  Plaintiff is a well-known clothing company in this District and other districts and is known in the clothing marketplace as "Spirit" or "Spirit Jersey".

8.  In light of its longstanding use of SPIRIT as a trademark ("SPIRIT MARK"), since at least as early as 1983, on a wide array of clothing products, it has created a significant amount of goodwill and consumer recognition in the SPIRIT MARK.

9.  Plaintiff is also the owner of U.S. Trademark Registration No. 3,200,974 registered on January 23, 2007, for the SPIRIT LOGO MARK for use on clothing, namely, shirts, tops, crews, football jerseys, tanks, camis, cardigans, tunics, sweatshirts, coverups, shorts, pants, foldover pants, capris, skirts, foldover

2

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

CASE NO.: 2:22-CV-03712

skirts, dresses, jackets, robes, and hats. (Collectively the SPIRIT MARK and the SPIRIT LOGO MARK are known as the "SPIRIT MARKS").

10. The SPIRIT LOGO MARK is incontestable pursuant to 15 U.S.C. §1065.

11. Plaintiff is also the owner of U. S. Registration No. 4,544,710 for the word mark SPIRIT JERSEY, which was registered by the Patent and Trademark Office on June 3, 2014 ("SPIRIT JERSEY MARK").

12. At least as early as 1999, Plaintiff began marketing a distinctive style of clothing, hereinafter referred to as the SPIRIT JERSEY DESIGN MARK. The SPIRIT JERSEY DESIGN MARK consists of a very unique and recognizable combination of stitching, lettering and sleeve placement and includes without limitation the unique placement of words across the back. The elements of the SPIRIT JERSEY DESIGN MARK are non-functional, non-essential to the purpose of the clothing and do not reduce the cost or quality of the clothing. The SPIRIT JERSEY DESIGN MARK provides no utilitarian advantage as the unique combination of the dropped shoulders, noticeable seams and stitching, and wording provide a distinct and unique appearance that is inherently distinctive and protectable as a trademark.

13. Plaintiff is also the owner of U.S. Registration No. 4,280,977, for the SPIRIT JERSEY DESIGN MARK, which was registered by the Patent and Trademark Office on January 22, 2013 for use on long sleeve shirts (see Exhibit A). In allowing the SPIRIT JERSEY DESIGN MARK to be placed on the supplemental register, the examining attorney at the Patent and Trademark Office determined that the mark was non-functional.

14. Plaintiff, many years ago, and well before Defendant's conduct complained of herein, began using the term SPIRIT JERSEY to refer to its products featuring the SPIRIT JERSEY DESIGN MARK, creating an association, in the

minds of purchasers, between Spirit, SPIRIT JERSEY and the SPIRIT JERSEY DESIGN MARK.

15. Defendant is marketing and selling long sleeve shirts consisting of the SPIRIT JERSEY DESIGN MARK and sold through various channels including online and through retail stores. (See image shown as Exhibit B.) Defendant markets its goods through the same or similar channels as Plaintiff markets its goods.

16. Defendant's goods, which feature the SPIRIT JERSEY DESIGN MARK, are such that prospective purchasers or consumers of the goods of Defendant and the goods of Plaintiff, are likely to be confused as to source.

17. Defendant's use in commerce of the SPIRIT JERSEY DESIGN MARK is causing and is likely to cause confusion, deception and mistake in the minds of the public with respect to the origin and source of the products.

18. Plaintiff is informed and believes that Defendant deliberately misappropriated Plaintiff's SPIRIT JERSEY DESIGN MARK in order to trade upon the good will which Plaintiff has developed in connection therewith, and to lead customers to believe that Plaintiff is the source of such products and services, which in fact do not originate with Plaintiff and are not sponsored by, or affiliated with Plaintiff. Defendant intentionally and knowingly misappropriated Plaintiff's SPIRIT JERSEY DESIGN MARK with oppression, fraud and malice.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT

19. Plaintiff realleges and incorporates herein by reference paragraphs 1 to 18 above.

20. Defendant's continued and unauthorized use of the SPIRIT JERSEY DESIGN MARK constitutes trademark infringement under 15 U.S.C. §1114.

21. Defendant's wrongful use in commerce of the SPIRIT JERSEY

4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

CASE NO.: 2:22-CV-03712

DESIGN MARK is likely to (i) cause confusion and mistake in the minds of the public with respect to the origin, affiliation, and source of Defendant's products and services and (ii) to deceive purchasers of such products into believing that Plaintiff controls the quality thereof and endorses the same.

22. Defendant's acts of trademark infringement are willful and have been committed with the intent to cause confusion, mistake, and deception.

23. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's trademark and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of trademark infringement.

24. Plaintiff is further entitled to recover from Defendant, damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of trademark infringement.

25. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of trademark infringement.

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

26. Plaintiff realleges and hereby incorporates by reference paragraphs 1 to 25 above.

27. Defendant's actions constitute a false designation of origin in violation of 15 U.S.C. §1125(a).

5

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

CASE NO.: 2:22-CV-03712

28. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use marks confusingly similar to Plaintiff's SPIRIT JERSEY DESIGN MARK and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, their officers, agents and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin.

29. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages they have suffered by reason of Defendant's acts of false designation of origin.

30. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of false designation of origin.

### THIRD CAUSE OF ACTION
### UNFAIR COMPETITION

31. Plaintiff hereby incorporates by reference paragraphs 1 to 30 above.

32. Defendant's actions constitute unfair competition under the common law.

33. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer lost profits and damages to its business reputation and goodwill. Defendant will continue, unless restrained, to use Plaintiff's SPIRIT JERSEY DESIGN MARK and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents and employees, and all persons

acting in concert with them from engaging in further acts of unfair competition.

34. Plaintiff is further entitled to recover from Defendant damages sustained by Plaintiff as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts of unfair competition.

35. Plaintiff is further entitled to recover from Defendant the gains, profits and advantages Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits and advantages Defendant has realized by reason of its acts of unfair competition.

36. Defendant has engaged in such misconduct with a conscious, deliberate, intentional and/or reckless disregard of the rights of Plaintiff and the public; Plaintiff is therefore entitled to punitive damages to deter Defendant and others from again engaging in such misconduct in an amount to be established at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. Finding that Defendant has violated 15 U.S.C. §1114, 15 U.S.C. §1125(a), and the common law, has infringed Plaintiff's SPIRIT JERSEY DESIGN MARK, have unfairly competed with Plaintiff by falsely designating the origin of its products and has engaged in other acts of unfair competition;

2. Ordering that Defendant and their officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of the foregoing, be enjoined preliminarily during the pendency of this action and permanently thereafter from:

    a. Offering for sale, soliciting sales, or selling any products in any product under any mark, name, symbol, logo, or other indicia that

7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

CASE NO.: 2:22-CV-03712

incorporates or is confusingly similar to Plaintiff's SPIRIT JERSEY DESIGN MARK;

      b.    Offering for sale, soliciting sales, or selling any clothing in any medium, under any mark, name, symbol, logo, or other indicia which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's products or services originate from Plaintiff, or that Defendant or their agents are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff, or are connected in some way with Plaintiff or Plaintiff's SPIRIT JERSEY DESIGN MARK;

      c.    Using false designations or from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring Plaintiff's trademark or the goodwill associated therewith;

      d.    Infringing upon the SPIRIT JERSEY DESIGN MARK;

      e.    Unfairly competing with Plaintiff in any manner whatsoever;

3.    Ordering that Plaintiff is the exclusive owner of the SPIRIT JERSEY DESIGN MARK and that such mark is valid and enforceable;

4.    Ordering that Defendant deliver to Plaintiff for destruction all signs, products, advertisements, literature, and any other promotional material, which feature the SPIRIT JERSEY DESIGN MARK or any other trademarks confusingly similar to Plaintiff's mark.

5.    Ordering that Defendant account to Plaintiff for, and disgorge, all profits Defendant has derived by reason of the wrongful acts described above.

6.    Granting an award of damages suffered by Plaintiff according to proof at the time of trial herein, and an accounting of Defendant's profits as a result of Defendant's aforesaid acts of infringement in violation of Plaintiff's rights under the Lanham Act;

7. Granting an award of three times the amount of compensatory damages and profits pursuant to 15 U.S.C. §1117 and punitive damages in an amount to be established at trial;

8. Ordering that Defendant pay Plaintiff reasonable attorney's fees, prejudgment interest, and costs of this action under 15 U.S.C. §1117, and other and further legal and equitable relief as is just and proper.

9. Ordering that Defendant be directed under 15 U.S.C. §1116 to file with the Court and serve upon Plaintiff within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10. Granting an award of Plaintiff's costs, expenses and reasonable attorneys' fees and other and further relief as is just and proper.

Dated: May 31, 2022         /s/ Willmore F. Holbrow, III
                                               Willmore F. Holbrow, III
                                               BUCHALTER
                                               Attorneys for Plaintiff

Buchalter
A Professional Corporation
Los Angeles

9

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

CASE NO.: 2:22-CV-03712

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims triable by jury.

DATED: May 31, 2022

BUCHALTER
WILLMORE F. HOLBROW III

By: /s/Willmore F. Holbrow III
Willmore F. Holbrow III
Attorneys for Plaintiff
SPIRIT CLOTHING COMPANY

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

CASE NO.: 2:22-CV-03712

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

# EXHIBIT A

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EXHIBIT A**



Reg. No. 4,280,977
Registered Jan. 22, 2013
Int. Cl.: 25

**TRADEMARK**

**SUPPLEMENTAL REGISTER**

SPIRIT CLOTHING COMPANY (CALIFORNIA CORPORATION), DBA SPIRIT ACTIVEWEAR, 2211 EAST 37TH STREET
LOS ANGELES, CA 90058

FOR: LONG-SLEEVED SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-5-1999; IN COMMERCE 2-5-1999.

THE MARK CONSISTS OF A YOKE STITCHED WITH COVER STITCH DETAILS ON DROPPED SHOULDER SEAMS AND A YOKE STITCHED ACROSS THE CHEST AND BACK OF THE SHIRT. THE DRAWING SHOWS THE WORD "NANTUCKET" IN DASHED LINES TO INDICATE THAT SUCH WORD DOES NOT FORM PART OF THE MARK, BUT MERELY INDICATES PLACEMENT ON THE BACK PORTION OF THE MARK A SPACE WHERE WORDING IS PRESENTED. THE DASHED LINES RUNNING APPROXIMATELY HORIZONTALLY ACROSS, AND VERTICALLY IN THE DROPPED SHOULDER AREA, DO FORM PART OF THE MARK, REPRESENTING THE YOKE AND COVER STITCH DETAILS SET FORTH IN THE DESCRIPTION OF THE MARK.

SER. NO. 85-594,708, FILED 4-11-2012.

KIMBERLY PERRY, EXAMINING ATTORNEY



*David J. Kappos*
Director of the United States Patent and Trademark Office

**EXHIBIT A**

# EXHIBIT B

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**EXHIBIT B**





**EXHIBIT B**